# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| AMERICA'S COLLECTIBLES NETWORK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CV-270 |
| ) | (Phillips) |
| LOUIS J. SCORPINITI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This trademark infringement case is before the court on the defendant's motion to dismiss for lack of personal jurisdiction and improper venue. Defendant Louis Scorpiniti asserts that this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) due to lack of personal jurisdiction, and Fed.R.Civ.P. 12(b)(3) due to improper venue. Alternatively, Scorpiniti contends the matter should be transferred to the United States District Court for the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1404. Plaintiff America's Collectibles Network, Inc. has responded in opposition that personal jurisdiction and venue are proper and that this matter should not be dismissed or transferred. The court has carefully considered the pending motion and related pleadings in light of the entire record and controlling law. For the reasons which follow, Scorpiniti's motion to dismiss will be granted.

I. Relevant Facts

This is an action for declaratory judgment concerning the rights of defendant to the registered trademark "JTV." Plaintiff America's Collectibles Network (ACN) sells fine jewelry and gemstones through its Jewelry Television Network and over the internet. Its internet sales use the domain name www.jtv.com, among others. Defendant Scorpiniti has registered JTV as a trademark for television broadcasting with the U.S. Patent and Trademark Office. Scorpiniti uses JTV in connection with a television network called "Jesus TV."

On or about June 12, 2006, Scorpiniti called ACN and spoke with corporate counsel, Catherine Colocotronis, at ACN's headquarters in Knoxville, Tennessee. He advised that he had registered the trademark JTV for television broadcasting. Although Scorpiniti indicated that he would be willing to sell or license JTV to ACN, the parties were not able to reach an agreement on terms. ACN then initiated this action to obtain a judicial interpretation of the parties' rights.

Scorpiniti seeks to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction, and Fed.R.Civ.P. 12(b)(3) for improper venue. In the alternative, Scorpiniti seeks to transfer the action pursuant to 28 U.S.C. § 1404 to the United States District Court for the Southern District of Iowa, Central Division.

## II. Analysis

### A. Personal Jurisdiction

Pursuant to Fed.R.Civ.P. 12(b)(2), which provides that a defense of lack of personal jurisdiction may be raised by motion, Scorpiniti asserts that this matter should be dismissed. Scorpiniti argues that he does not have sufficient minimum contacts with the forum state of Tennessee for the court under constitutional due process to have jurisdiction over his person. Scorpiniti does not reside in Tennessee. He has not conducted business here, either in general or as it specifically relates to the use of his registered trademark. Scorpiniti's only connection with the forum state was making a telephone call on June 12, 2006 to ACN's in-house corporate counsel in order to notify that company of his federally registered rights to the exclusive use of the mark and to instruct it to cease and desist its infringing use absent his express permission that it could use the mark. In response to that call and a follow-up call Scorpiniti made on June 13, 2006, ACN's in-house counsel on June 13, 2006 transmitted to Scorpiniti an e-mail that contained her version of the parties' telephone discussions and expressed ACN's interest to purchase Scorpiniti's rights to the mark JTV. After in-house counsel later telephoned Scorpiniti with ACN's offer to purchase his rights to the mark, Scorpiniti responded with a one-page letter dated June 26, 2006. Scorpiniti further states that he has had no other contacts with the forum state that involve his registered mark and ACN's infringing use. He has never personally appeared in the forum during any of these limited events. His only contacts with the forum state are the referenced two phone calls and one letter, all transmitted within a two-week period.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) requires the court to determine whether the plaintiff has alleged sufficient facts to support the exercise of personal jurisdiction over the defendant. In ruling upon a Rule 12(b)(2) motion, the court has three procedural alternatives: (1) the court may determine the motion on the basis of written submissions and affidavits alone; (2) it may permit discovery in aid of the motion; or (3) it may conduct an evidentiary hearing on the merits of the motion. *See Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989). In this case, the court will decide the matter based upon the briefs, affidavits, and other evidence submitted by the parties.

The plaintiff always bears the burden of establishing personal jurisdiction, but the weight of that burden depends upon the manner in which the court elects to proceed. *Id.* Where, as here, the court elects to rule without an evidentiary hearing, the plaintiff's burden is lightened considerably. In such a case, the plaintiff need only present a *prima facie* case for jurisdiction. *Bridgeport Music, Inc. v. Still N The Water Pub..,* 327 F.3d 472, 478 (6th Cir. 2003); *Kerry Steel v. Paragon Indus., Inc.,* 106 F.3d 147, 149 (6th Cir. 1997); *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.,* 91 F.3d 790, 792 (6th Cir. 1996). As with a Rule 12(b)(6) motion, the court should consider the pleadings and affidavits in the light most favorable to the plaintiff, however,"the plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, 'by affidavit or otherwise, ... specific facts showing that the court has jurisdiction.'" *Serras,* 875 F.2d at 1214 (quoting *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 930 (6th Cir. 1974)); *see also Nationwide,* 91 F.3d at 792.

Thus, as long as the plaintiff is able to "demonstrate facts which support a finding of jurisdiction," the motion to dismiss should be denied, even in the face of controverting evidence presented by the moving party. *Serras,* 875 F.2d at 1214; *Am. Greetings Corp. v. Cohn,* 839 F.2d 1164, 1169 (6th Cir. 1988).

When determining whether there is personal jurisdiction over a defendant, a federal court must apply the law of the state in which it sits, subject to constitutional limitations. *Reynolds v. Int'l Amateur Athletic Fed'n,* 23 F.3d 110, 1115 (6th Cir. 1994). Tennessee law provides as follows:

> Persons who are nonresidents of Tennessee ... are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from ... (6) any basis not inconsistent with the constitution of this state or of the United States....

Tenn. Code Ann. § 20-2-214(a). Where, as is the case with Tennessee, a state's long-arm statute reaches as far as the limits of the United States Constitution, the court "need only determine whether the assertion of personal jurisdiction ... violates constitutional due process." *Nationwide,* 91 F.3d at 793. "Due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1940); *Bird v. Parsons,* 289 F.3d 865, 871–72 (6th cir. 2002). Personal jurisdiction over a non-resident defendant may be asserted under either

general or specific theories of jurisdiction.  *Conti v. Pneumatic Prods. Corp.,* 977 F.2d 978, 981 (6th Cir. 1992).

General jurisdiction exists when a defendant has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims."  *Kerry Steel, Inc. v. Paragon Industries, Inc.,* 106 F.3d 147, 149 (6th Cir. 1997).  ACN has not shown that this court has jurisdiction over Scorpiniti's person under the general jurisdiction prong.  As shown in Scorpiniti's affidavit, he has not had continuous and systematic contacts with the State of Tennessee.  He has only been in the forum state overnight on one occasion, and only for a couple of days.  That stay had nothing to do with the present dispute.  The stay was years ago and before Scorpiniti had acquired his federal registration right to the mark JTV.

Nor has ACN established that this court "has specific personal jurisdiction over Scorpiniti under the three-part test established in *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374 (6th Cir. 1968).  First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 821 (6th Cir. 2000).

The first element of the specific jurisdiction test is known as the purposeful availment prong. It distinguishes between a non-resident defendant's contacts with the forum state that are "collateral" in contrast to those activities of the defendant with the forum state "that invoke, by design, the benefits and protections of its laws." *Id.* at 722. A trademark holding non-resident defendant's making two telephone calls and sending one letter over a two-week period that concerns a resident plaintiff's trademark infringing activity and the possible resolution of it does not constitute the type of contacts that invoke by design the benefits and protections of the laws of Tennessee. These are not contacts sufficient, in themselves or collectively, to show a purposeful availment. The federal courts have consistently held that a non-resident defendant who sends infringement-based letters and makes infringement-based telephone calls to a trademark infringing resident plaintiff does not, by those acts alone, purposefully avail himself of the benefits and protections of the laws of the resident plaintiff's state sufficient under due process to be haled into a court located there. *See e.g., Nova Biomedical Corp. v. Moller,* 629 F.2d 190, 193 n.3 and 196-97 (1st Cir. 1980); *Cascade Corp. V. Hiab-Foco AB,* 619 F.2d 36 (9th Cir. 1980); *Starline Optical Corp. v. Caldwell,*598 F.Supp. 1023, 1027 (D.N.J. 1984); *Medeco Security Locks, Inc. v. Fichet-Bauche,*568 F.Supp. 405, 408 (D.Va. 1983); *Rheodyne, Inc. v. Ramin',* 201 U.S.P.Q 667, 668 (N.D.Cal. 1978): *Harley-Davidson Motor Co. v. Strada,* 78 F.R.D. 521, 524-25 (E.D.Wis. 1978); *Wesley-Jessen Inc. v. Volk*, 200 U.S.P.Q. 795, 796-97 (N.D.Ill. 1976); *Rebound Systems, Inc. v. Matchpoint Industries, Inc.,* 192 U.S.P.Q. 346 (S.D.N.Y. 1976.

The second prong of the specific jurisdiction test requires the court to determine whether the claim at hand arises out of or relates to defendant's activities in the forum state. As shown by the record, Scorpiniti filed for his trademark rights from his home state of Iowa. He uses the mark in commerce in the Iowa area, by broadcasting the mark there. Scorpiniti has not conducted business in Tennessee with the mark. Thus, the second prong of the *Mohasco* test has not been satisfied.

The third prong of the test is whether the assertion of personal jurisdiction is fair and reasonable. This requires the court to determine whether defendant's acts have had consequences in the forum state of sufficient quality to render it constitutionally reasonable for the court to assume jurisdiction over his person. Here, Scorpiniti's acts under question – two telephone calls and one letter over a two-week period, have caused no meaningful consequences in Tennessee. Thus, ACN has failed to establish a *prima facie* case for jurisdiction. Accordingly, Scorpiniti's Rule 12(b)(2) motion to dismiss will be granted.

ACN requests the court to allow it to take limited discovery concerning Scorpiniti's alleged use of JTV in commerce. ACN avers that if discovery indicates that Scorpiniti has not used JTV in his broadcasts, then Scorpiniti is attempting to take advantage of an unlawful registration by seeking compensation for the use of JTV from a Tennessee corporation. Although the court may permit discovery in aid of deciding Rule 12(b)(2) motions, ACN has shown no colorable basis for subjecting Scorpiniti to litigation

in Tennessee, nor is there any material factual ambiguity in the record that requires clarification through discovery. Rather, ACN seeks to take discovery regarding Scorpiniti's use of the mark as it relates to the registration process, which has nothing to do with any purported contacts Socrpiniti has had with the state of Tennessee. Thus, the desired discovery is not relevant to the personal jurisdiction and venue questions at issue. Moreover, ACN is precluded by federal law from raising tort claims arising from any alleged "misrepresentations" made by Scorpiniti in the trademark application process. Federal trademark mark law preempts any state law based tort claim predicated on a trademark applicant's inequitable conduct (e.g., knowing misrepresentation) committed before the Patent and Trademark Office during the application process. *See Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.,* 412 F.3d 215 (1st Cir. 2005); *Semiconductor Energy Laboratory Co., Ltd v. Samsun Electronics Co., Ltd*, 204 F.3d 1368 (Fed.Cir. 2000); *Molins PLC v. Textron, Inc.,* 48 F.3d 1172, 1178 (Fed.Cir. 1995).

B. Venue

With regard to Scorpiniti's motion to dismiss on the basis of improper venue, venue in an infringement case exists where there is personal jurisdiction. *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1583 (Fed. Cir. 1990); *Trintec Industries, Inc v. Pedre Promotional Products, Inc.,* 395 F.3d 1275, 1280 (Fed. Cir. 2005). For the reasons set forth above, the court does not have jurisdiction over the person of Scorpiniti. Accordingly, the court will dismiss this action pursuant to Rules 12(b)(2) and (3).

Inasmuch as the court had determined that it does not have jurisdiction over defendant and that this action against him should be dismissed, it is not necessary to address the merits of defendant's motion to transfer venue to the Southern District of Iowa.

I.  Conclusion

For the reasons stated above, defendant's motion to dismiss [Doc. 7] is **GRANTED**, and this matter is hereby **DISMISSED.**

        **ENTER:**

        s/ Thomas W. Phillips
        United States District Judge